IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM L. MURACO, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> KIM JONES, Warden, ICI-O; IDAHO ) <br> COMISSION OF PARDONS AND ) <br> PAROLE; IDAHO DEPARTMENT ) <br> OF CORRECTIONS, ) <br> ) <br> Respondents. ) <br> _____ ) | Case No. CV-07-144-S-LMB <br><br> **MEMORANDUM DECISION** <br> **AND ORDER** |

This habeas corpus action has been reassigned to this Court. All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case (Docket Nos. 13, 14, & 15). Having reviewed the pending motions, as well as the record in this case, the following Order is entered.

### CONSIDERATION OF PETITIONER'S MOTIONS

**A.     Petitioner's Motion for Reconsideration (Docket No. 9)**

1.     Background

Petitioner requests that Judge Winmill's decision to dismiss Claims 5, 6 and Supplemental Claim A in the Initial Review Order (Docket No. 6) be reconsidered.

These claims were not dismissed for lack of exhaustion, as Petitioner asserts, but rather for failure to state a federal claim upon which relief can be granted. For the following reasons, Petitioner's Motion will be denied.

**MEMORANDUM DECISION AND ORDER - 1**

A court may reconsider an order at any time before a final order is entered.  "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal citation omitted).  On reconsideration, the courts may correct "simple mistakes," as well as alter "decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal."  *U.S. v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).  However, while a court "has the power to revisit prior decisions of its own . . . as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (citation omitted).

    2.    <u>Claim 5</u>

In Claim 5, Petitioner argues that Respondents do not have authority under the Idaho Constitution to grant or deny parole.  A claim for federal habeas corpus relief cannot be grounded on a provision of state law.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("Federal habeas corpus relief does not lie for errors of state law."); *see also Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994) (noting that generally the federal habeas corpus remedy is unavailable for alleged errors in interpretation and application of state law). Therefore, this claim was properly dismissed.

    3.    <u>Claim 6</u>

In Claim 6, Petitioner argues that the Parole Commission's extension of the fixed portion of Petitioner's sentence denies him access to the courts on an excessive sentence claim.

**MEMORANDUM DECISION AND ORDER - 2**

Particularly, he argues that by the time the Parole Commission denied parole at the end of his fixed sentence, his time to file an excessive sentence claim in state court had expired. Judge Winmill correctly concluded that this claim was an attempt to re-cast Petitioner's state-law excessive sentence claim into a constitutional claim. *See Initial Review Order*, p. 4 (Docket No. 6). In other words, if the state post-conviction system does not provide a mechanism for challenging such a circumstance, the lawfulness of that system or the resulting loss of claim occurring as a result of that system cannot be challenged in a federal habeas corpus action. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989) (habeas corpus is not the proper avenue to address errors in a state's post-conviction review process). Judge Winmill further noted correctly that because Petitioner was, in fact, accessing the federal court by raising the same facts in the context of an Eighth Amendment cruel and unusual punishment claim and a Fifth Amendment ex post facto claim in the instant petition, Petitioner had not stated facts amounting to an access to the courts claim. Judge Winmill's reasoning appears sound. As a result, that ruling will not be revisited.

      4.    <u>Supplemental Claim A</u>

In Supplemental Claim A, Petitioner agrues that the indeterminate life sentence is unlawful because it lacks a definition. Judge Winmill thoroughly analyzed and rejected this claim, correctly concluding that it had no legal or factual foundation. *See Initial Review Order*, pp. 4-6 (Docket No. 6). Having reviewed Petitioner's argument carefully, this Court finds and thus concludes there are supporting Petitioner's argument that he should be permitted to proceed on this claim.

**MEMORANDUM DECISION AND ORDER - 3**

5.      Conclusion

With the foregoing in mind, Petitioner's Motion to Alter or Amend Judgment is denied for lack of an adequate legal or factual basis.  *See* Fed. R. Civ. P. 59(e); *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law).  If he wishes further review, Petitioner may request a certificate of appealability on these claims at the conclusion of this case.

**B.     Respondent's Motion for Stay**

Respondent filed a Motion for Stay of Proceedings (Docket No. 16), seeking to stay the federal proceedings while the state court matter on the same claims was pending. The Motion to Stay is now moot as a result of Petitioner's notice to the Court that state court proceedings have concluded (Docket No. 23).

**C.     Petitioner's Motion for Appointment of Counsel**

Petitioner has requested appointment of counsel.  There is no constitutional right to counsel in a habeas corpus action.  *Coleman v. Thompson,* 501 U.S. 722, 755 (1991).  Counsel should be appointed if an evidentiary hearing is required, or if another important reason justifies appointment.  *See* Rule 8(c) of the Rules Governing Section 2254 Cases;   28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B).  Here, there is no circumstance requiring appointment of counsel as Petitioner has been able to articulate his concerns adequately.  However, the Court will reconsider the issue at a later date if it appears that a hearing is necessary or that appointment is appropriate for another reason.

**MEMORANDUM DECISION AND ORDER - 4**

**D.     Petitioner's "Declaration for Entry of Default"**

Default judgment is not available in habeas corpus actions. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990).   To the extent Petitioner's Declaration for Entry of Default is construed as a request for entry of default, it is denied.

## ORDER

Accordingly,

IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration (Docket No. 9) is DENIED.

IT IS FURTHER ORDERED that Respondent's Motion for Stay of Proceedings (Docket No. 16) is DENIED as moot as a result of Petitioner's notice to the Court that state court proceedings have concluded (Docket No. 23).

IT IS FURTHER ORDERED that Petitioner's Motion to Appoint Counsel (Docket No. 19) is DENIED without prejudice.

IT IS FURTHER ORDERED that Respondent shall file a motion for summary judgment on the remaining claims within 90 days after entry of this Order.  Petitioner shall have thirty (30) days after receipt of the motion to file a response.

IT IS FURTHER ORDERED that Petitioner's "Declaration for Entry of Default" (Docket No. 24.) is DENIED.

DATED:  **February 25, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 5**