IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| WILLIAM L. MURACO, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Case No. CV-07-144-S-LMB |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| KIM JONES, Warden, ICI-O; IDAHO COMISSION OF PARDONS AND PAROLE; IDAHO DEPARTMENT OF CORRECTIONS, | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus action is Respondents' Motion to Dismiss Petitioner's Petition. (Docket No. 32.) All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case (Docket Nos. 13, 14, & 15). Having reviewed the pending motions, as well as the record in this case, the following Order is entered.

## RESPONDENTS' MOTION TO DISMISS

### A. Standard of Law

Respondents request dismissal of Petitioner's claims on the basis of procedural default. Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack*
**MEMORANDUM DECISION AND ORDER 1**

*v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1]  A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment.  *Id*.  Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties and consider them.

A federal habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on unexhausted claims.  28 U.S.C. § 2254(b).  The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that he did not present the claim to the highest state court, but no state court remedy is available when he arrives in federal court (improper exhaustion).  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must "invok[e] one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. at 845, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review.  *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Improperly exhausted claims are deemed "procedurally defaulted."  Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2)  when a petitioner has raised a claim, but has failed

---

[1]*Abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

**MEMORANDUM DECISION AND ORDER  2**

to fully and fairly present it as a *federal* claim to the Idaho courts, as discussed directly above; or (3) when the Idaho state courts have rejected a claim on an independent and adequate state procedural ground.[2] Procedurally defaulted claims are subject to dismissal with prejudice.

When the United States federal district court performs a review of a habeas corpus petition, a petition from a state prisoner "who is proceeding pro se may be viewed more leniently for exhaustion purposes than a petition drafted by counsel." *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005).

**B.     Background**

In 1994, Petitioner was convicted in Idaho state court of lewd conduct with a minor under sixteen years of age. He was sentenced to a term of ten years fixed, with life indeterminate. (State's Lodging A-1, pp. 90-91.) Petitioner's conviction and sentence were affirmed by the Supreme Court of Idaho on October 26, 1998. (State's Lodging B-13.)

On December 22, 1998, Petitioner filed a federal habeas corpus petition in this district court challenging his conviction and sentence. (*See Muraco v. Foster*, Case No. CV-98-512-S-EJL, Docket No. 5.) Petitioner's case was eventually dismissed, and his certificate of appealability was denied by the district court and the Ninth Circuit Court of Appeals. (*Id.*, Docket Nos. 27, 40, & 41.)

Petitioner alleges he is a Canadian citizen and the facts underlying the current federal Habeas Corpus Petition arise from the denial of parole by the Idaho Commission of Pardons and Parole (ICPP). Prior to the ICPP's consideration of Petitioner for release on parole, the

---

[2] *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

**MEMORANDUM DECISION AND ORDER  3**

Immigration and Naturalization Service ("INS") had issued a detainer against him, which meant that he was to be deported to Canada immediately upon parole.  However, the INS later cancelled the detainer because it determined Petitioner had dual United States-Canada citizenship, and it is unlawful for the United States to deport one of its own citizens.  The ICPP was unwilling to parole Petitioner to the United States; therefore, Petitioner's tentative parole approval was voided.

On December 10, 2004, Petitioner filed a state habeas corpus petition asserting that the voiding of his parole violated state law and his constitutional rights. (State's Lodging F-1, pp. 1-7.)  The state district court dismissed the petition, and the Idaho Court of Appeals affirmed dismissal.  (State's Lodgings F-1, pp. 54-65 & G-4.)  The Supreme Court of Idaho denied the petition for review.  (State's Lodging G-7.)

The instant Petition for Writ of Habeas Corpus was filed by Petitioner in this Court on March 28, 2007, with a Supplemental Petition filed on August 13, 2009.  (Docket Nos. 1 & 2.)  In the Initial Review Order, it was determined that Plaintiff could proceed with only the following claims: Claim1, denial of equal protection because he was allegedly denied parole on the basis of national origin; Claim 2, denial of equal protection because he was allegedly denied parole based on an inability to be deported to Canada, which placed an unusual hardship on him compared to other inmates; Claim 3, an ex post facto violation because the requirement of deportation is new criteria with which he cannot comply; Claim 8, that the State has retaliated against him for exercising his right to bring grievances to the courts; Claim 10, "Respondents cannot use the unchangeable facts of the crime and/or the past to deny parole"; and Supplemental

Claim B, the use of a psychosexual evaluation denied him the right to an impartial fact finder. (Petition, p. 3, Docket No. 1.)

Respondents now argue in the pending Motion for Summary Dismissal that all of these remaining claims are subject to dismissal with prejudice as a result of procedural default.

**C.  Discussion of Procedural Default**

<u>Claim 1</u>

Claim1 alleges that Petitioner was denied equal protection because he was allegedly denied parole on the basis of his national origin. Petitioner raised an equal protection claim based on national origin before the Idaho Court of Appeals. (State's Lodging G-1, pp. 2 & 4.) Respondents argue that Petitioner failed to raise the claim in his petition for review or his supporting brief filed with the Supreme Court of Idaho . (State's Lodging G-5 & G-6.)  However, on page four of Petitioner's supporting brief, he wrote: "These actions of Respondents discriminate against me because of my national origin."  (State's Lodging G-6, p. 4.)  The Court concludes that this argument states his equal protection claim adequately, given Petitioner's status as a layperson.   Therefore, Claim 1 is not procedurally defaulted.

<u>Claim 2</u>

Claim 2 alleges that Petitioner was denied equal protection because he was allegedly denied parole based on an inability to be deported to Canada, which placed an unusual hardship on him compared to other inmates.  Respondents argue that Petitioner did not raise this claim before the Idaho Court of Appeals.  However, Petitioner argued that the State "set an impossible standard for me to meet," on page 4 of his supporting brief, and that "Petitioner submitted a plan to Lewiston, Idaho, one that has been used by other inmates who remain successfully on parole."

**MEMORANDUM DECISION AND ORDER  5**

(State's Lodging G-1, p. 4.) The Court concludes this language adequately raises his equal protection claim that an inability to be deported is an unusual hardship compared to other inmates. He raised this same argument in his brief supporting his petition for review, stating:

> The Respondents have no entitlement to set into place a standard that is impossible to perform, and then deny parole for failure to perform. In this case, be deported to Canada in order to realize parole. An act that others, in line for parole, do not have to perform.

(State's Lodging G-6, p. 2.) Therefore, Claim 2 is not procedurally defaulted.

### Claim 3

Claim 3 alleges that an ex post violation occurred because the requirement of deportation is new criteria with which he cannot comply. Petitioner raised an ex post facto claim based on deportation before the Idaho Court of Appeals. (State's Lodging G-1, pp. 2 & 6.) He also raised it in his brief supporting the petition for review on page 3. (State's Lodging G-6.) As a result, the claim is not procedurally defaulted.

### Claim 8

Claim 8 alleges that the State has retaliated against him for exercising his right to bring grievances to the courts. He appears to have mentioned this claim in his brief in support of his petition for review before the Supreme Court of Idaho (State's Lodging G-6, p. 4), but he did not raise it before the Idaho Court of Appeals in his briefing. (State's Lodgings G-1 & G-3.) As a result, assuming for the sake of argument that the claim is cognizable on habeas corpus review, the claim is procedurally defaulted because, under Idaho law, it is clear that the Supreme Court of Idaho will not consider claims that were not raised in an initial appeal to the Idaho Court of Appeals. *Centers v. Yehezkely*, 706 P.2d 105 (Idaho Ct. App. 1985). There is nothing in Idaho jurisprudence or case law or precedent suggesting a practice or trend of addressing claims

**MEMORANDUM DECISION AND ORDER 6**

presented for the first time in a petition for review before the Supreme Court of Idaho. *See, e.g., Accord Wood v. Wood*, 855 P.2d 473 (Idaho Ct. App. 1993); *Cooper v. Board of Professional Discipline of Idaho State Bd. of Medicine*, 4 P.3d 561, 568 (Idaho 2000).

<u>Claim 10</u>

Claim 10 alleges that "Respondents cannot use the unchangeable facts of the crime and/or the past to deny parole." Claim 10 was presented in the brief before the Idaho Court of Appeals, but it was not presented as a constitutional argument. (State's Lodging G-1, p. 11.) Petitioner stated in his petition for review that "reliance upon the unchanging factor of [the] commitment offense . . . violated due process of law." (State's Lodgings G-5, p. 3.) However, as set forth above, an appellant is not permitted to raise a claim before the Idaho Supreme Court for the first time. As a result, the claim is procedurally defaulted.

<u>Supplemental Claim B</u>

Supplemental Claim B alleges that the use of a psychosexual evaluation denied Petitioner the right to an impartial fact finder. Petitioner's Supplemental Claim B has never been presented to any state court. Petitioner has not shown that he could fairly present the claim to the state courts, because the time to do so has expired. As a result, the claim is procedurally defaulted.

**D.      Exceptions to Procedural Default**

A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *See Murray v. Carrier*, 477 U.S. at 488; *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

In order for a habeas corpus petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 488. To support such an exception, the petitioner must show facts demonstrating that as a factual matter he did not commit the crime, or, in petitioner's case, that he is, in fact, eligible for parole. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993) (conviction challenge context); *Jones v. Cooper*, 2009 WL 4823837, at *7 (W.D. La. 2009) (parole challenge context). Here, Petitioner has not shown that the Commission's denial of parole was based on a f*actual* error. Rather, Petitioner is contesting the *legality* of the Commission's decision to make his parole conditioned on his ability to be deported. Because an "actual innocence" claim must be based on factual, not legal, innocence, here, Petitioner cannot avoid procedural default of his claims on the grounds of actual innocence.

After a thorough and careful review of the record, the Court concludes that Petitioner has failed to bring forward any facts that would demonstrate cause and prejudice or actual

innocence. As a result, the procedurally-defaulted claims are subject to dismissal with prejudice, and Petitioner can proceed to the merits of the claims 1, 2 and 3.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED:

1. Respondents' Motion to Dismiss (Docket No. 32) is GRANTED in part as to Claims 8, 10, and Supplemental Claim B; it is DENIED in part as to Claims 1, 2, and 3.

2. Respondents shall file an Answer no later than **April 30, 2010**, and a Motion for Summary Judgment on the merits of Claims 1, 2, and 3 no later than **May 28, 2010.** Petitioner shall file a response no later than **June 30, 2010.** Any reply shall be due no later than **July 16, 2010.**



DATED: **March 9, 2010**.

Honorable Larry M. Boyle
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER 9**